Upson, J.
The statute provides that “administration of the estate of an intestate shall be granted to some one or more *183 of the persons hereinafter mentioned; and they shall ho respectively entitled thereto in the following order, to wit:
“ First. His widow, or next of kin, or both, as the court may think fit, and if they do not voluntarily either take or renounce the administration, they shall, if resident within the county, be cited by the court, or notified by a party in interest for that purpose.
“ Second. If the persons so entitled to administration are incompetent or evidently unsuitable for the discharge of the trust, or if they neglect, without any sufficient cause, to take administration of his estate, the court shall commit it to one or more of the principal creditors, if there be any competent and willing to undertake the trust.
“ Third. If there be no such creditor, and the court is satisfied that the estate exceeds the value of one hundred dollars, the court shall commit administration to such other person as it shall think fit.”
It is the policy of this statute to intrust the administration to those who are most interested in the estate, if competent, suitable, and willing to undertake the trust. It is insisted, however, that the probate court has no jurisdiction to appoint, as administrator, any person who is not a resident of the county, and that this is implied by the provision of the statute requiring citation, or notice, only when, the next of kin are “resident within the county.” This is not the proper construction of the statute. It gives to the persons mentioned, in the order prescribed, the absolute right to letters of administration, subject only to the conditions that they are competent, suitable for the discharge of the trust, and do not neglect, without sufficient cause, to take administration. The construction contended for is not authorized by the language, or policy of the law, or by the practice of the courts.
All of the next of kin residing in Bntler county renounced the administration in favor of Todhunter, but this gave him no right to the appointment in preference to Alexander Stewart and Andrew Stewart, and the latter having also renounced the administration, we need only now determine whether the *184 right, thereto of Alexander Stewart has in any manner been waived or lost.
?_t is admitted that he is a suitable and competent person. He has not renounced the administration, and the only question to be decided is whether, without sufficient cause, he lias neglected to take it.
We hold that in order to protect his right to letters of administration, it was not necessary for him to apply therefor, within five days after his mother’s death. No time being prescribed by law within which the person entitled to administration must apply, the application may be made within a reasonable time, depending upon the circumstances of each case. In this case Alexander Stewart resided in Hamilton county, and filed his application within eighteen days after the death of the intestate, which we think was within a reasonable time.
The appointment of Todhunter having been improperly made, should have been set aside, and the letters of administration issued to him should have been revoked. That the probate court has power to revoke letters of administration granted to another person than the next of kin, in violation of the legal rights of such next of kin, is .well settled. Schouler on Exec, and Admin. § 153, and cases there cited.
Similar statutory provisions have in numerous cases received the same construction which, in this case, we have given to our own statute : Cobb v. Newcomb, 19 Pick. 336 ; Miller v. Washington, 3 Hagg. Eccles. 277; 3 Redf. on Wills, 87; McClellan's Appeal, 16 Penn. St. 110 ; Schouler on Exec, and Admin, ch. 3, § 90.
We are of opinion that there was no error in the judgment of the district court, and that leave to file a petition' in error should be refused.

Motion ovemded.